# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| **BETTY DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 3:12-CV-122 (CAR)** |
| **WAL-MART STORES, INC.,** | : | |
| **WAL-MART STORES EAST, LP,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP's Motion for Summary Judgment [Doc. 8]. In this action, Plaintiff alleges that Defendants failed to warn or instruct customers of the use of motorized shopping carts causing her significant injury. Having considered the relevant law, Defendants' Motion, and Plaintiff's response, Defendants' Motion for Summary Judgment [Doc. 8] is **GRANTED**.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The moving party "always bears the initial responsibility of informing the

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4] "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5] In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6] A disputed fact will preclude summary judgment only "if the dispute might affect the outcome of the suit under the governing law."[7] "The court many not resolve any material factual dispute, but must deny the motion

---

[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).
[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324-26.
[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).
[6] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).
[7] *Id.* (internal quotation marks omitted).

and proceed to trial if it finds that such an issue exists."[8]

## BACKGROUND

The facts in the light most favorable to Plaintiff are as follows. On the morning of Friday, July 23, 2010, Plaintiff and her husband, Gary Davis, went grocery shopping at Wal-Mart Store #780 in Walton County, Georgia ("Wal-Mart").[9] As was their usual practice while shopping at Wal-Mart, Gary rode an electric shopping cart while Plaintiff walked alongside.[10]

Gary, who sketched a picture of the handlebars and panel of the electric cart for opposing counsel during his deposition, testified that the handlebars operate much like a steering wheel, governing the direction of the cart.[11] Each handlebar has a lever that controls the forward and reverse movement of the cart: the right handlebar controls the forward function: the left controls the reverse function.[12] To move forward or backward, the user pushes the corresponding handlebar lever; to stop the cart, the user releases the lever.[13] When the electric cart is in reverse, the cart's horn signal, a controlled beep, is activated.[14]

---

[8] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
[9] Pl. Dep. 55, 58-59 [Doc. 16].
[10] G. Davis Dep. 23 [Doc. 17]; Pl. Dep. 59.
[11] G. Davis Dep. 26, 61, Ex. 3
[12] *Id*. at 61.
[13] *Id*. at 27.
[14] *Id*. at 29.

That morning in the store, Gary noticed that the cart sometimes reversed on its own, without a reverse signal, after he stopped the cart.[15] This problem worsened while they were grocery shopping; however, Gary did not tell anyone about it, including Plaintiff.[16]

After shopping for approximately thirty minutes, Plaintiff and Gary stopped in the meat department to look for a certain aisle.[17] In the screenshots of two Wal-Mart security videos, Plaintiff, who was standing on the right side of Gary's electric cart, walked behind the cart and stopped at its rear left corner.[18] While Plaintiff was standing at the back left corner of the cart, Gary, whose hands were on the handlebars, was looking over his right shoulder towards where Plaintiff had been standing earlier when the cart began moving backward.[19] One second later the cart struck Plaintiff, knocking her to the floor.[20] Plaintiff and Gary testified that the cart did not emit a reverse signal, and Gary testified that he did not push the reverse lever on the left handlebar.[21] As a result of the incident, Plaintiff suffered extensive injury, including a left hip replacement.[22]

---

[15] *Id.* at 32, 33.

[16] *Id.* at 39-40, 34; Pl. Dep. 59.

[17] Pl. Dep. 69-70.

[18] *Id.* at 71; Meat Dept. Profile 01 Video Screenshots ("Screenshots I") at 9:29:17 [Doc. 8-1 at 2]; Lunch Meat & Cheese Area Video Screenshots ("Screenshots II") at 9:29:14, 9:29:15 [Doc. 8-2 at 6, 7].

[19] Screenshots I at 9:29:17 [Docs. 8-1 at 1, 8-2 at 2]; Screenshots II at 9:29:17, 9:29:18 [Doc. 8-2 at 8-10]; Lloyd Aff. ¶¶ 5, 9 [Doc. 8-1].

[20] Screenshots I at 9:29:18 [Doc. 88-2 at 2]; Screenshots II at 9:29:18 [Doc. 8-2 at 10].

[21] Pl. Dep. 72; G. Davis Dep. 52.

[22] Pl. Dep. 19.

Before leaving Wal-Mart, Gary signed a Witness Statement that stated in part, "Stoped [sic]. Backed up to go down a isle [sic] she had stoped [sic] behind me her foot was under the cart. I did not run over her then she fell."[23] Shortly after Plaintiff and Gary left, Selwyn Lloyd, an Asset Protection Associate for Wal-Mart, photographed Gary's electric cart.[24] As reflected in the photographs, several signs facing the driver warned users to "USE CAUTION WHEN OPERATING IN REVERSE" and that, "Cart is on wheels and may roll."[25] Another sign instructed customers to "ask for assistance before using [the cart]" if "[un]familiar with [its] operational procedures."[26] Gary testified that he was very familiar with Wal-Mart's electric carts and that he has never read nor seen these signs, including on the day of the incident.[27]

Lloyd also personally inspected Gary's electric shopping cart after the incident and testified that he did not notice any malfunction in the cart's operation, nor did he observe any defect on the cart.[28] Assistant Manager Patrick McElroy and Zone Manager Alexander Booker, who are responsible for managing Wal-Mart's electric carts, testified that they were not aware of any electric cart that would spontaneously begin to reverse without someone pressing the hand lever on the handlebars.[29]

---

[23] Witness Statement [Doc. 8-6].
[24] Lloyd Aff. ¶ 2.
[25] McElroy Aff. ¶ 9, Ex. B; Booker Aff. ¶ 9, Ex. 1.
[26] McElroy Aff. ¶ 9, Ex. B; Booker Aff. ¶ 9, Ex. 1.
[27] G. Davis Dep. at 75-76, 61, Ex. 3.
[28] Lloyd Aff. ¶ 5.
[29] McElroy Aff. ¶ 7; Booker Aff. ¶ 7.

Plaintiff filed the instant action alleging a negligence claim against Defendant Wal-Mart, Inc. for its failure to warn or instruct customers on the use of motorized shopping carts.[30] Therein, Plaintiff alleges that after Gary stopped the cart, it "moved <u>forward</u>," striking her.[31] After responding to this Motion, Plaintiff filed a second, new action against Defendant Wal-Mart East, L.P., alleging the same injuries, from the same incident that occurred on July 23, 2010, at the same Wal-Mart store in Walton County, Georgia, but this time alleging several new negligence claims.[32] Subsequently, the Court consolidated Plaintiff's newly-filed action into the instant action denied Plaintiff's motion, thereby precluding her from adding her new negligence claims.[33]

## DISCUSSION

As a preliminary matter, Plaintiff does not pursue her original allegation that Defendants failed to instruct or warn customers on the use of the electric shopping cart in her response to Defendants' Motion, despite Defendants' explicit and thorough discussion of this claim. Thus, the Court concludes that Plaintiff has abandoned this claim, and Defendants' Motion is **GRANTED**.[34]

---

[30] *Davis v. Wal-Mart Inc.* ("*Davis I*"), 3:11-cv-129-CAR, Pl.'s Complaint (M.D. Ga. Sept. 8, 2011) [Doc. 1-3 at ¶ 7] (emphasis added). The procedural history of this action is complicated, and an in-depth recitation would be duplicative of this Court's prior order denying Plaintiff's motion to amend [Doc. 14]. Accordingly, the Court incorporates to the procedural history therein.

[31] *Davis I*, Pl.'s Complaint [Doc. 1-3 ¶ 10].

[32] *See* [Doc. 1-3].

[33] *Davis* I [Doc. 23]; [Doc. 14].

[34] *See Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned where plaintiff did not address claim on summary judgment); *Wu v. SE-Atl. Beverage Corp.*, 321 F. Supp. 2d 1317,

6

Even if Plaintiff had not abandoned her claim, Plaintiff's claim nevertheless fails on the merits. The undisputed evidence plainly establishes that the signs on Gary's electric cart cautioned users when operating in reverse and instructed customers to seek assistance if they were unfamiliar with the cart. Gary's testimony that he did not read these instructions or warnings on the electric cart is of no impact. Under Georgia law, a "failure to read instructions or printed warnings will prevent a plaintiff from recovering on a claim grounded on failure to provide adequate warning of the product's potential risk."[35] Based on Plaintiff's failure to respond to Defendants' argument and the undisputed evidence that Defendant did warn and instruct its customers on the use of the motorized shopping cart, Plaintiff's claim also does not survive on the merits.

## CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment [Doc. 8] is **GRANTED** in its entirety, and this action is hereby **DISMISSED**.

**SO ORDERED,** this 23rd day of April, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/bbp

---

1333 (N.D. Ga. 2004) (finding claim abandoned where plaintiff failed to address claim in response to summary judgment motion).

[35] *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 75 (1995).